### GRIFFIN, et al v. BOARD OF PUBLIC INSTRUCTION OF ESCAMBIA COUNTY.

No. 68-365.

Circuit Court, Escambia County.

March 13, 1968.

J. Fletcher Fleming of Shell, Fleming, Davis & Menge, Pensacola, for plaintiffs.

J. Edwin Holsberry of Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, for defendants.

ERNEST E. MASON, Circuit Judge.

This is a class suit brought by four members of the class of principals, assistant principals and supervisors of the Escambia County public school system seeking equitable relief for the four named plaintiffs, and for all other members of their class so situate. They are suing for themselves and for 66 others who are alleged to be in the same situation as they, and who, they say need the same equitable relief. The court holds that this is a proper class action under Rule 1.220, Florida Rules of Civil Procedure, and that all of the principals, assistant principals and supervisors so situate as are these named plaintiffs are parties to this suit.

The suit is against the board of public instruction of Escambia County, and by it the plaintiffs seek the judgment of this court declaring their rights and an injunction to prohibit the defendant board from forwarding a certain resolution of the board to the certification division of the state department of education, and mandatorily to expunge such resolution from the minutes of the board, and for a judgment declaring such resolution void and of no effect.

The resolution sought to be voided was adopted on February 26, 1968, is attached to the complaint and made a part of it. The resolution by its terms determines that the plaintiffs have violated the terms of their written contracts with the board of public instruction by leaving their positions of employment without release therefrom by said board, and declares their respective positions vacant and their contracts voided. It directs the county superintendant of public instruction to forward a certified copy of the resolution to the certification section of the state department of education.

Defendant board has moved to dismiss the complaint, or, in the alternative, to strike certain portions thereof. Plaintiffs set down such motions for hearing before this court, and also their application for a temporary injunction to prevent the forwarding of such resolution to the department of education. Testimony

was taken at such hearing and certain documentary evidence presented, all as shown by the record herein.

The court finds that the complaint must be dismissed on the following grounds — (1) the plaintiffs have not done or offered to do equity, (2) the plaintiffs come into this court with unclean hands, (3) they have an adequate remedy at law to protect their teaching certificates from suspension or revocation, and (4) the action of the board in declaring the several plaintiffs' positions vacant and their contracts terminated was within the power of the board and was lawfully exercised by it.

It is a cardinal principle of equity that he who seeks equity must do equity. These plaintiffs seek equitable relief, but they have not done equity. In concert with each other and with over 1,200 public school teachers of this county, prior to the action of the board complained of and prior to the institution of this suit, and by mass action they walked off the job and abandoned their positions of employment without release therefrom by the defendant board. In effect they struck against their employer, the defendant board, an agency of government in this state. These facts are not only supported by the direct evidence herein, but the court takes judicial notice of such actions on the part of the plaintiffs. Furthermore, they have not offered to do equity by alleging and proving that they now stand ready to fulfill their contracts of employment. On the contrary, speaking through their class representative at the hearing herein, one of the named plaintiffs, they have, in response to the court's inquiry as to their intentions, informed the court they would not return to work in fulfillment of their contracts unless certain conditions named by them were first met by the defendant board.

The plaintiffs do not come into this court of equity with clean hands. The court takes judicial notice of the fact that they, in concert with each other and with over 1,200 school teachers, in mass walked off the job, abandoned their positions without release by the defendant board and announced that they would not return until certain conditions prescribed by them were first met, all in defiance of law and the obligations of their contracts of employment. The court takes further judicial notice that such action on their part has disrupted the public school system of this county to the great detriment of the children enrolled in the public schools.

Neither the mass offer of resignations by these plaintiffs, which this record discloses, nor the alleged deficiencies of the character set forth in the complaint and attributed to the defendant board

in the performance of its duties and obligations, has the effect of relieving the plaintiffs of their failure to do, or to offer to do, equity herein.

For these reasons alone, the relief sought should not be granted, and this suit should be dismissed.

The plaintiffs complain of the possible result that defendant's action in adopting the resolution may have upon their teaching certificates. In this connection, the court holds that these certificates are valuable property rights of the plaintiffs and that they cannot be suspended or revoked without due process of law. But, the resolution of defendant board does not purport to affect the teaching certificates of these plaintiffs. As a matter of law, the board is powerless to suspend or revoke such certificates. Only the state board of education in Tallahassee has the power to revoke or suspend a teaching certificate (§231.28, F. S.) And ample notice of intention to suspend or revoke a teaching certificate, and the charge or charges therefor, as well as opportunity to be heard, is required to be given by the board of education to the person holding the certificate, under the terms of the statute. All that the defendant board has done that could be construed to concern these plaintiffs' teaching certificates is to direct that the board of education be apprised of the former's action in declaring that the plaintiffs' contractual status with the defendant board as principal or supervisor has been terminated. Whether this is followed up by the state board of education for the purpose of considering the suspension or revocation of the teaching certificates of these plaintiffs is for such board to determine. And, if it does determine to take such action, then due process of law is prescribed by §231.28, F.S. Thus these plaintiffs have an adequate remedy at law to protect them in their teaching certificates, and have no right to equitable relief until they have exhausted such administrative remedy. This court cannot assume that proper administrative remedy will be denied them.

Since any action concerning teaching certificates must be taken under the provisions of §231.28, and not under §231.36(2), this court is not called upon to determine the constitutionality of the latter, which, of course, must be read in pari materia with the former. In dismissing this suit, the court does not pass upon the constitutionality of §231.36(2), standing isolated from other appropriate provisions of the School Code.

Finally, the defendant board's action in determining the plaintiffs' positions vacant and their contracts terminated was no

more than a recognition of an accomplished fact. These plaintiffs, along with some 1,200 rank and file teachers, submitted resignations in mass to the defendant board. By such they each said, in effect, "I quit, I do not like the conditions existing in the public schools, I want out, and I ask for release from my contract of employment." These are not, of course, their exact words contained in their written resignations, but it is clearly their import. And they followed up the submission of these resignations by refusing to report for work and, in effect, abandoned their positions. The board took their action at face value and declared their positions vacant and their contracts terminated. In such a situation no notice of the board's intention to do that requested of it by plaintiffs was necessary to be given to them. Having requested that they be released from their contracts they now have no standing in court to complain that the board did that requested of it. Thus such resolution should not be voided by this court.

The resolution of the board in terminating these contracts finds further support in §231.44, F. S., which provides that wilful absence from duty subjects any member of the instructional staff to cancellation of contract by the county board. Other provisions of the School Code define the term "instructional staff" as inclusive of principals and supervisors. (§228.041, F. S.).

The complaint is dismissed at the cost of the plaintiffs, and it is the judgment of the court that the defendant, the board of public insruction of Escambia County, a body corporate, go hence without day, with its costs to be taxed by the clerk of this court, for which let execution issue.